NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS MAURICIO AREVALO-MONTANO; K. S. A.-N.; E. T. M. N.; K. N. A.-N.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1803

Agency Nos.
A220-879-547
A220-879-548
A220-879-549
A220-879-556

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026[**]
Seattle, Washington

Before: PAEZ and BUMATAY, Circuit Judges, and KASUBHAI, District Judge.[***]

Carlos Arevalo-Montano and his three minor children, natives and citizens

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mustafa T. Kasubhai, United States District Judge for the District of Oregon, sitting by designation.

of El Salvador, petition for review of a decision by the Board of Immigration Appeals ("BIA") denying their application for asylum and withholding of removal. When the BIA adopts and affirms the IJ's decision citing *Matter of Burbano* and does not express disagreement with any part of it, we review the IJ's decision as well as any additional reasoning offered by the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). Factual determinations are reviewed "under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Questions of law, such as whether a proposed particular social group ("PSG") is cognizable, are reviewed de novo. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the agency's denial of Petitioners' claims for asylum and withholding of removal. Petitioners failed to demonstrate past persecution or a well-founded fear of persecution on account of a protected ground. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022).

Petitioners alleged persecution on account of two proposed PSGs: "Uber Drivers in El Salvador" and the "Arevalo-Montano family." The agency properly concluded that Petitioners (1) failed to establish that "Uber Drivers in El Salvador" was a legally cognizable PSG and (2) failed to demonstrate a sufficient nexus between the alleged harm and the alternative "Arevalo-Montano family" PSG.

**1.** "An applicant who requests asylum or withholding of removal based on membership in a particular social group must establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022) (quoting *Reyes v. Lynch*, 942 F.3d 1125, 1131 (9th Cir. 2016)). Being an Uber driver is not an immutable characteristic because it is not "fundamental to [Arevalo-Montano's] identity" and can be changed. *Macedo Templos*, 987 F.3d at 882–83.

Arevalo-Montano could avoid the alleged harm by pursuing different employment. *See Plancarte Sauceda*, 23 F.4th at 834 (analyzing *Matter of Acosta*, 19 I. & N. Dec. 211, 232–34 (B.I.A. 1985)). In fact, Arevalo-Montano conceded at his merits hearing that he could do other work besides driving for Uber if he returned to El Salvador. Moreover, as an Uber driver, Arevalo-Montano does not have any specialized training or skills that make him unique from the general population; on the contrary, the skills necessary to drive a car are possessed by most adults. *Id*. Thus, the agency properly concluded that Arevalo-Montano's proposed PSG, "Uber drivers in El Salvador," is not immutable and therefore not legally cognizable.

**2.** Petitioners also failed to establish a nexus between their alleged persecution and their other proposed PSG: the "Arevalo-Montano family." There

25-1803

is no evidence in the record of any animosity or hostility towards Arevalo-Montano's family-based PSG.  On the contrary, Arevalo-Montano repeatedly acknowledged that the MS-13 gang members threatened to harm his wife and daughters precisely "because [Arevalo-Montano] did not cooperate with them" and later agreed with the IJ that there was no other reason that the gang members approached him or wanted to harm him "aside from wanting [him] to drive to provide a free ride for the gang member."  Accordingly, substantial evidence supports the agency's finding that the gang members threatened Arevalo-Montano's wife and daughters "only as an instrumental means" to obtain what they wanted: a free ride to another neighborhood for their fellow gang member. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023).

Petitioners' claim of future persecution on account of their membership in the "Arevalo-Montano" family is further undermined by the fact that Arevalo-Montano's other family members living in El Salvador, including his mother and siblings, have not experienced any threats or other harms from MS-13.  *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 889–91 (9th Cir. 2021).  The agency did not err in finding that Petitioners failed to demonstrate a sufficient nexus between their persecution and their membership in the Arevalo-Montano family.

Because Petitioners have not demonstrated past persecution or a well-founded fear of persecution on account of membership in any cognizable PSG, the

25-1803

agency properly concluded that Petitioners are ineligible for asylum and withholding of removal.[1]

**PETITION DENIED.**

---

[1] The motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.

25-1803